IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

GEORGE TWISS, as natural father,
legal guardian, and next friend of
S.T., a minor,
    Plaintiff,

v.     Case Number: 5:14-cv-00077

JOSHUA LEE KING,

    Defendant.

**DEFAULT JUDGMENT AGAINST JOSHUA LEE KING**

After the Clerk entered the default of the Defendant, the Court conducted a hearing on January 12, 2015 to determine default damages. This purpose of this Order is to set forth the damages award Joshua Lee King owes to the Plaintiff.

**I. PROCEDURAL HISTORY**

The Plaintiff filed this lawsuit on October 6, 2014. (Doc. 1). The Complaint asserts state law causes of action arising out of the Defendant's sexual abuse of a minor child.

The Defendant was served with the Complaint and Summons while in prison; (Doc. 7) however, the Defendant failed to serve or file an Answer or otherwise respond to the Complaint. (See Docket). Following the Plaintiff's request, the Clerk entered the Default of the Defendant. (Doc. 9). The Plaintiff then requested a hearing on the issue of damages, (Doc. 10), and the Court set the damages hearing for January 12, 2015. (Doc. 11). On December 22, 2014, the Clerk sent notice of the damages hearing to the Defendant at the

1

address of the prison where he is housed and where he was served. (Doc. 11). No one appeared on behalf of the Defendant.

## II. LEGAL STANDARD

"A defendant in default is deemed to admit the plaintiff's well-pleaded allegations of fact, but is not held to admit facts that are not well-pleaded or to admit conclusions of law." Holmes v. Margaret's Key, LLC, et, al., No. CV. 2:11-cv-00111-LGW-RSB (S.D. Ga. October 14, 2014)(citing S.E.C. v. Wright, 261 F. App'x 259, 261-62 (11th Cir. 2008) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(internal punctuation omitted). "Before entering a default judgment for damages, the court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (citing Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)). "However, since the entry of default does not constitute an admission of conclusions of law, the court is still charged with determining whether the unchallenged facts actually constitute a legitimate cause of action." Id. "In considering any default judgment, the court must examine (1) jurisdiction, (2) liability, and (3) damages." Margaret's Key, LLC, et, al., No. CV. 2:11-cv-00111-LGW-RSB (citing Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)). With these considerations in mind, the Court evaluates jurisdiction, liability, and damages.

This Court has personal jurisdiction over the Defendant because he was served with the Summons and Complaint. (Doc. 7). The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the Plaintiff and his daughter are residents of Florida and the Defendant is a resident of Georgia and the amount in controversy exceeds $75,000.00, excluding interest and costs. (Doc. 1).

Liability is properly established as well. On November 27, 2012, Plaintiff's daughter, S.T., was eight-years old, and Defendant was 29 years old. (Complaint, ¶ 7). On that date, the Defendant committed the following acts upon S.T.: licking her vagina; forcing her hands on his penis; and causing his ejaculate to land on S.T. *Id.* at ¶¶ 8-10. The Brantley County Grand Jury returned two true bills against the Defendant for his sexual abuse of S.T. (Complaint, ¶ 11). The Defendant was indicted for committing aggravated sodomy (O.C.G.A. § 16-6-2) and Child Molestation (O.C.G.A. § 16-6-4) on S.T. *Id.* On April 9, 2014, Defendant pled guilty to the Child Molestation charge and the Aggravated Sodomy charge was *nolle-prossed.* (Complaint, ¶ 12). Judge Jeffrey Kight, Superior Court of Brantley County, accepted the Defendant's plea and sentenced the Defendant to 20 years in prison for this crime. *Id.* at ¶¶ 13-14. Based upon the evidence presented at the damages hearing, there is a basis for relief with regard to all of the counts set forth in the Complaint.[1]

---

[1] At the damages hearing, the Plaintiff stated that it was waiving the attorney's fees claim. Thus, that claim is dismissed.

## III. DAMAGES

At the damages hearing, the Plaintiff testified how S.T. has been affected as a result of the conduct at issue in this case, including testimony that S.T. has nightmares, has eating issues, attempts to have inappropriate contact with males, attempts to dress in inappropriate clothing for her age, and has academic problems at school. The Plaintiff testified that S.T. attends counseling as a result of the conduct at issue in this case. Based upon the evidence presented at the damages hearing, the Court finds that the Defendant acted "with the specific intent to cause harm" such that there is "no limitation regarding the amount which may be awarded as punitive damages..." O.C.G.A. § 51-12-5.1(f).

After considering all the evidence before the Court, it is hereby **ORDERED AND ADJUDGED** that Joshua Lee King is liable to the Plaintiff in the amount of:

- $300,000 in compensatory damages to go towards past and future psychiatric treatment, tutoring and other out of pocket expenses

  and

- $2,200,000 in punitive damages.

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Joshua Lee King for $2,500,000. Interest shall accrue at the rate required by law.

**SO ORDERED**, this \_\_ day of \_\_\_\_\_, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA